**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Guzman Hernandez, | No. CV-16-04238-PHX-GMS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Boswell Medical Center, et al., | |
| Defendants. | |

Plaintiff Ruben Guzman Hernandez, who is confined in the Arizona State Prison Complex-Red Rock Correctional Center, filed a First Amended pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 12). The Court ordered Defendants Greenbaum and McCraken to answer Count One. Defendants fully briefed Motion for Summary Judgment (Doc. 34) is currently pending before the Court.

On June 20, 2018, Plaintiff filed a Motion for Appointment of Counsel (Doc. 43). Plaintiff requests that the Court appoint Plaintiff counsel because Plaintiff (i) cannot afford to hire an attorney, (ii) is incarcerated with limited access to legal materials and limited knowledge of the law, (iii) has been unable to obtain counsel, and (iv) asserts the issues in his case are complex.

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants

pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). *See also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff's continued filings with the Court, as well as the instant motion, indicate that Plaintiff remains capable of navigating his proceedings and presenting arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff remains in a position no different than many *pro se* prisoner litigants. Having failed to show that any exceptional circumstances are present, Plaintiff's request for appointment of counsel will be denied.

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's Motion for Appointment of Counsel (Doc. 43).

Dated this 9th day of July, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge