WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Guzman Hernandez,<br><br>Plaintiff,<br><br>v.<br><br>Banner Boswell Medical Center, et al.,<br><br>Defendants. | No. CV-16-04238-PHX-GMS (ESW)<br><br>**ORDER** |

This Order addresses the following three Motions: (i) Plaintiff's "Motion (1) to Amend Scheduling Order and (2) for Leave to File Amended Pleading and Join New Defendants" (Doc. 85); (ii) Defendant McCracken's Motion to Strike (Doc. 86); and (iii) Defendant Greenbaum's Motion to Extend the Briefing Scheduling (Doc. 90).

## I. PROCEDURAL BACKGROUND

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. In May 2017, the Court issued an Order (Doc. 13) screening Plaintiff's First Amended Complaint (Doc. 12). The Court found that the First Amended Complaint stated a Fourteenth Amendment claim against Defendants Greenbaum, McCraken, Doe Nurse 1, Doe Nurse 2, and John Doe 3. (Doc. 13 at 4). The claim is premised on factual allegations that Plaintiff was catheterized against his will after he was arrested by the El Mirage Police Department and taken to Banner Boswell Medical Center for a medical clearance. (*Id.* at 3-4). The Court directed service on Defendants Greenbaum and McCracken. (*Id.* at 6).

The Court deferred service on the Doe Defendants until Plaintiff discovered their identities. The Court dismissed the Doe Defendants in March 2019 after Plaintiff failed to show cause for failure to timely discover their identities and effect service. (Docs. 60, 62).

In May 2018, Defendant McCracken filed a Motion for Summary Judgment that asserted qualified immunity. (Doc. 34). In its August 16, 2018 Order, the Court stated that claims alleging forcible catheterization may implicate the Fourth Amendment. (Doc. 46 at 5). The Court noted that although the First Amended Complaint does not specifically assert a Fourth Amendment claim, Plaintiff, as a pro se prisoner litigant, was not required to do so as long as his factual allegation supported the claim. (*Id.* at 7). The Court concluded that Plaintiff's allegations support a Fourth Amendment claim. (*Id.*). The Court found the existence of genuine issues of material fact as to whether Defendant McCracken violated Plaintiff's Fourth and Fourteenth Amendment rights. (*Id.* at 9). The Court also denied Defendant McCracken's request for summary judgment on qualified immunity grounds. (*Id.* at 11). Defendant McCracken appealed the Court's Order (Doc. 46) to the Ninth Circuit Court of Appeals. In its February 14, 2019 mandate, the Ninth Circuit dismissed Defendant McCracken's appeal of Plaintiff's Fourth Amendment claim for lack of subject matter jurisdiction. (Doc. 53-1 at 2). The Ninth Circuit concluded that the Court erred in determining that Defendant McCracken is not entitled to qualified immunity as to Plaintiff's Fourteenth Amendment claim. (*Id.* at 2-3). The Ninth Circuit reversed the Court's ruling on that issue and remanded the matter with instructions to grant Defendant McCracken's Motion for Summary Judgment on the basis of qualified immunity as to the Fourteenth Amendment claim. (*Id.* at 3).

On March 8, 2019, following the Ninth Circuit mandate, the Court held a status conference with Plaintiff and Defendant McCracken. (Doc. 56). The Court appointed an attorney to serve as Plaintiff's pro bono counsel, who later withdrew for conflict of interest reasons. (Docs. 58, 59, 61). The Court then appointed Mitchell Turbenson of Ballard Spahr LLP to serve as replacement pro bono counsel for Plaintiff. (Doc. 64).

On May 31, 2019, the Court held another status conference at which counsel for Plaintiff and Defendant appeared. (Doc. 67). The Court extended the service deadline for Defendant Greenbaum to June 14, 2019. (*Id.*). Following service of Defendant Greenbaum, Mr. Turbenson moved to withdraw as Plaintiff's pro bono counsel based on a newly discovered conflict of interest. (Doc. 72). The Court granted the Motion. (Doc. 73). The Court then appointed Gregory Scheiferstein of Snell and Wilmer LLP to represent Plaintiff pro bono on a limited basis for pretrial and trial matters only. (Doc. 76).

On July 19, 2019, Defendant Greenbaum filed a Motion to Dismiss (Doc. 74). Counsel for Plaintiff filed a Response (Doc. 80), and Defendant Greenbaum filed a Reply (Doc. 81). The Motion to Dismiss remains pending.

On September 10, 2019, Plaintiff's counsel filed a "Motion to Amend the Scheduling Order for Limited Reopening of Discovery" (Doc. 83). The Motion requested that the Court "reopen discovery on a limited basis for a limited time so that his counsel may prepare for trial through appropriate pre-trial discovery, which is calculated to sharpen the issues for trial, increase efficiency, and advance the trial's truth-seeking purpose." (*Id.* at 1). The Motion states that counsel for Defendants McCracken and Greenbaum did not oppose the requested limited reopening of discovery. (*Id.* at 4). The Court granted the Motion to Amend the Scheduling Order and reopened discovery until March 10, 2020 for the limited purposes detailed in Plaintiff's Motion. (Doc. 84).

## II. DISCUSSION OF PENDING MOTIONS (DOCS. 85, 86, 90)

On October 11, 2019, Plaintiff, through counsel, filed a "Motion (1) to Amend Scheduling Order and (2) for Leave to File Amended Pleading and Join New Defendants" (Doc. 85). Defendant McCracken has moved to strike Plaintiff's Motion. (Doc. 86). Defendant McCracken argues that the Court appointed Plaintiff counsel on a limited basis that does not include pursuing amendments to the First Amended Complaint. The Court's July 31, 2019 Order states that Mr. Scheiferstein is appointed "to represent Plaintiff on a limited basis for pretrial and trial matters only." (Doc. 76).

As a motion to amend a pleading is technically a pretrial matter, the Court does not find that the October 11, 2019 Motion (Doc. 85) exceeds the scope of the Court's Order (Doc. 76). Defendant McCracken's Motion to Strike (Doc. 86) will be denied.

In his "Motion (1) to Amend Scheduling Order and (2) for Leave to File Amended Pleading and Join New Defendants" (Doc. 85), Plaintiff acknowledges that the deadline for amending the pleadings expired nearly two years ago, on November 13, 2017. (Doc. 85 at 7). Plaintiff contends that good cause exists to amend the deadline. (*Id.* at 7-9). However, an extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." See Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). There are at least four factors in determining whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking into account of all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Briefing on Plaintiff's Motion (Doc. 85) is incomplete. As the Court has denied Defendant McCracken's Motion to Strike (Doc. 86), the Court will allow Defendant McCracken to file a response to Plaintiff's Motion (Doc. 85). The Court will set **November 13, 2019** as the deadline for Defendant McCracken's response. Plaintiff may file a reply within seven days from the date of service of Defendant McCracken's response.

The Court has reviewed Defendant Greenbaum's Motion to Extend the Briefing Scheduling (Doc. 90). Defendant Greenbaum has made a limited appearance and moved

for dismissal based on untimely service of process. (Doc. 74). Defendant Greenbaum requests that the Court extend his deadline to respond to Plaintiff's Motion (Doc. 85) until after a ruling on his Motion to Dismiss (Doc. 74) and order requiring him to file an answer. (Doc. 90 at 2). Defendant Greenbaum acknowledges that he has no standing at this time to respond to Plaintiff's Motion. (*Id.* at 1). The Court will deny without prejudice Defendant Greenbaum's Motion to Extend the Briefing Scheduling (Doc. 90).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendant McCracken's Motion to Strike (Doc. 86).

**IT IS FURTHER ORDERED** setting **November 13, 2019** as the deadline for Defendant McCracken to respond to Plaintiff's "Motion (1) to Amend Scheduling Order and (2) for Leave to File Amended Pleading and Join New Defendants" (Doc. 85). Plaintiff may file a reply within seven days from the date of service of Defendant McCracken's response.

**IT IS FURTHER ORDERED** denying without prejudice Defendant Greenbaum's Motion to Extend the Briefing Scheduling (Doc. 90).

Dated this 31st day of October, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge