# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Guzman Hernandez,<br><br>Plaintiff,<br><br>v.<br><br>Banner Boswell Medical Center, et al.,<br><br>Defendants. | No. CV-16-04238-PHX-GMS (ESW)<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Motion (1) to Amend Scheduling Order and (2) for Leave to File Amended Pleading and Join New Defendants" (Doc. 85). For the reasons set forth herein, the Court will deny Plaintiff's Motion (Doc. 85).

## I. BACKGROUND

Plaintiff is an Arizona state prisoner. In December 2016, Plaintiff, acting pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's original Complaint (Doc. 1) with leave to file a First Amended Complaint. (Doc. 6). On March 27, 2017, Plaintiff filed a First Amended Complaint (Doc. 12). The Court screened the First Amended Complaint and ordered Defendants Greenbaum and McCracken to answer the claim in Count One, which alleges that Plaintiff's rights under the Fourteenth Amendment's Due Process Clause were violated when Plaintiff was catheterized against his will. (Doc. 13 at 4-5). The Court also found that Count One stated a claim against Doe Nurse 1, Doe Nurse 2, and John Doe 3, but deferred service as

to the Doe Defendants until their identities were discovered. (*Id.* at 4-5).

Defendant McCracken filed his Answer on September 1, 2017. (Doc. 16). On September 15, 2017, the Court issued a Scheduling Order that set November 13, 2017 as the deadline for filing motions to amend the complaint and to join additional parties. (Doc. 19). On May 10, 2018, Defendant McCracken filed a Motion for Summary Judgment (Doc. 34). Following the denial of the Motion and an interlocutory appeal to the Ninth Circuit Court of Appeals, Defendant McCracken's Motion for Summary Judgment was resolved in February 2019. (Docs. 46, 53).

On March 8, 2019, after receiving the Ninth Circuit mandate concerning Defendant McCracken's appeal, the Court held a status conference with Plaintiff and Defendant McCracken. (Doc. 56). The Court appointed an attorney to serve as Plaintiff's pro bono counsel, who later withdrew for conflict of interest reasons. (Docs. 58, 59, 61). The Court then appointed replacement pro bono counsel for Plaintiff, who also withdrew due to a conflict of interest. (Docs. 64, 73). On July 31, 2019, the Court appointed Plaintiff's current counsel to represent Plaintiff on a pro bono basis. (Doc. 76).

On October 11, 2019, Plaintiff, through counsel, filed the pending Motion (Doc. 85) seeking leave to file a Second Amended Complaint. The proposed Second Amended Complaint raises new causes of action against Defendants McCracken and Greenbaum and seeks to join three new Defendants.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires." However, the Scheduling Order's November 13, 2017 deadline for amendment of pleadings has passed. Once a district court has filed a Rule 16 scheduling order setting a deadline for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only secondarily by Rule 15(a). A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, an extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." *See* Fed.

R. Civ. P. 6(b)(1)(B); *see also Mireles v. Paragon Sys., Inc.*, No. 13-CV-122-L (BGS), 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) ("a party moving to amend a pleading after a scheduling order deadline has passed must support the motion by demonstrating both excusable neglect and good cause") (citation omitted); *Almaraz v. City of Mesa*, No. CV-10-1348-PHX-FJM, 2011 WL 1661535, at *1 (D. Ariz. May 3, 2011) (applying excusable neglect standard to motion to reopen scheduling order deadline); *Hernandez v. Maricopa Cty.*, No. CV-07-272-PHX-JAT, 2009 WL 77647, at *1 (D. Ariz. Jan. 12, 2009) (explaining that "excusable neglect is the standard that must be met by the parties to receive an extension of an expired deadline").

There are at least four factors in determining whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking into account all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

### III. DISCUSSION

**A. Plaintiff's Motion (Doc. 85) will be Denied as to Defendant McCracken**

As discussed, Defendant McCracken filed a Motion for Summary Judgment in May 2018. In the Motion, Defendant McCracken asserted that he was entitled to qualified immunity. (Doc. 34). In its August 16, 2018 Order denying summary judgment, the Court stated that claims alleging forcible catheterization may implicate the Fourth Amendment. (Doc. 46 at 5). The Court noted that although the First Amended Complaint does not specifically assert a Fourth Amendment claim, Plaintiff, as a pro se prisoner litigant, was not required to do so as long as his factual allegation supported the claim. (*Id.* at 7). The Court concluded that Plaintiff's allegations support a Fourth

| | |
|---|---|
| 1 | Amendment claim. (*Id.*). The Court found the existence of genuine issues of material |
| 2 | fact as to whether Defendant McCracken violated Plaintiff's Fourth and Fourteenth |
| 3 | Amendment rights. (*Id.* at 9). The Court also denied Defendant McCracken's request for |
| 4 | summary judgment on qualified immunity grounds. (*Id.* at 11). Defendant McCracken |
| 5 | appealed the Court's Order (Doc. 46) to the Ninth Circuit Court of Appeals. In its |
| 6 | February 14, 2019 mandate, the Ninth Circuit dismissed Defendant McCracken's appeal |
| 7 | of Plaintiff's Fourth Amendment claim for lack of subject matter jurisdiction. (Doc. 53-1 |
| 8 | at 2). The Ninth Circuit concluded that the Court erred in determining that Defendant |
| 9 | McCracken is not entitled to qualified immunity as to Plaintiff's Fourteenth Amendment |
| 10 | claim. (*Id.* at 2-3). The Ninth Circuit reversed the Court's ruling on that issue and |
| 11 | remanded the matter with instructions to grant Defendant McCracken's Motion for |
| 12 | Summary Judgment on the basis of qualified immunity as to the Fourteenth Amendment |
| 13 | claim. (*Id.* at 3). |
| 14 |       Plaintiff's proposed Second Amended Complaint adds new Fourteenth |
| 15 | Amendment claims against Defendant McCracken. The parties dispute whether the |
| 16 | Ninth Circuit's mandate that Defendant McCracken is entitled to qualified immunity on |
| 17 | the Fourteenth Amendment claim raised in the First Amended Complaint applies to the |
| 18 | new Fourteenth Amendment claims raised in the Second Amended Complaint. (Doc. 92 |
| 19 | at 10; Doc. 93 at 3-4). |
| 20 |       The Court finds that the balance of relevant factors weighs in favor of denying |
| 21 | Plaintiff's Motion (Doc. 85) as to Defendant McCracken. The reason Plaintiff provides |
| 22 | for his nearly two-year delay in seeking to amend the First Amended Complaint is that he |
| 23 | was representing himself and lacked sufficient legal knowledge. (Doc. 85 at 7-8). "A |
| 24 | party's pro se status, by itself, is generally not considered sufficient to establish excusable |
| 25 | neglect." *Mentzer v. Vaikutyte*, No. CV 16-1687 DMG (SS), 2018 WL 1684340, at *5 |
| 26 | (C.D. Cal. Feb. 26, 2018), *report and recommendation adopted*, No. CV 16-1687 DMG |
| 27 | (SS), 2018 WL 1684300 (C.D. Cal. Apr. 3, 2018). On multiple occasions, the Court |
| 28 | found that the appointment of counsel was unwarranted. (Docs. 6, 26, 45). Indeed, |

Plaintiff was able to successfully defeat Defendant McCracken's Motion for Summary Judgment while representing himself.

Also weighing in favor of denying Plaintiff's Motion (Doc. 85) is the danger of prejudice to Defendant McCracken that would result by being forced to litigate new causes of action at this late stage. In addition, allowing Plaintiff to proceed with the Second Amended Complaint would interfere with the expeditious resolution of this matter as the new Fourteenth Amendment claims present an issue regarding qualified immunity.

In sum, because (i) the length of Plaintiff's delay is significant, (ii) Plaintiff's reason for the delay is not persuasive, (iii) there is prejudice Defendant McCracken, and (iv) allowing the untimely Second Amended Complaint to proceed would adversely impact this proceeding, the Court finds that Plaintiff has failed to establish excusable neglect. The Court further finds that Plaintiff has failed to show good cause to modify the Scheduling Order. *See Stephens v. Georgia Dept. of Transp.*, 134 Fed. Appx. 320, 322 (11th Cir. 2005) (district court did not abuse its discretion by holding that plaintiff's sole reason for delay in filing motion to amend after deadline set by scheduling order— that she had discovered a new legal theory through additional research—was insufficient to show good cause); *Johnson v. Ogeechee Behavioral Health Servs.*, No. CV605-121, 2006 WL 8435571, at *1 (S.D. Ga. Dec. 6, 2006) ("Plaintiff apparently is contending that while she was proceeding *pro se*, she could not have been expected to recognize what causes of action to assert or how much and what type of relief to request. This argument fails to meet the good cause standard set forth by Rule 16(b)).") (footnote omitted); *Buchanan Cty., Virginia v. Blankenship*, 545 F. Supp. 2d 553, 555 n.2 (W.D. Va. 2008) (finding that the fact that a party has recently obtained new counsel is insufficient to show good cause for modifying scheduling deadlines). Plaintiff's Motion (Doc. 85) will be denied as to Defendant McCracken.

**B. Plaintiff's Motion (Doc. 85) will be Denied as to Defendants Hedgpeth, Watt, and Lipska**

As mentioned, the Court found that the First Amended Complaint stated a claim against the Doe Defendants. On March 8, 2019, the Court required Plaintiff to show cause why the Court should not dismiss the action as to the Doe Defendants for failure to timely serve. (Doc. 55). Plaintiff did not show cause as to why the Doe Defendants should not be dismissed. On March 29, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss the Doe Defendants without prejudice. (Doc. 60). Plaintiff did not object to the Report and Recommendation. The Court adopted the Report and Recommendation on May 3, 2019 and dismissed the Doe Defendants without prejudice. (Doc. 62).

Here, Plaintiff states that through his counsel's independent investigation, he has a good faith belief that the Doe Defendants named in the First Amended Complaint are Defendants Hedgpeth, Watt, and Lipska.[1] (Doc. 85 at 4). Plaintiff seeks to file a Second Amended Complaint that only raises state law claims against Defendants Hedgpeth, Watt, and Lipska. (Doc. 85 at 12; Doc. 85-2). The Court finds that allowing the Second Amended Complaint to proceed presents a danger of prejudice to Defendants Hedgpeth, Watt, and Lipska as the events at issue occurred over three years ago. Again, the two-year delay in moving to amend is significant. Although the Court is mindful that there are challenges in being an incarcerated litigant, the record does not show that Plaintiff made any effort to attempt to discover the identities of the Doe Defendants. The addition

---

[1] On September 10, 2019, Plaintiff's counsel filed a "Motion to Amend the Scheduling Order for Limited Reopening of Discovery" (Doc. 83). The Motion requested that the Court "reopen discovery on a limited basis for a limited time so that his counsel may prepare for trial through appropriate pre-trial discovery, which is calculated to sharpen the issues for trial, increase efficiency, and advance the trial's truth-seeking purpose." (*Id.* at 1). The Motion states that counsel for Defendants McCracken and Greenbaum did not oppose the requested limited reopening of discovery. (*Id.* at 4). The Court granted the Motion to Amend the Scheduling Order and reopened discovery until March 10, 2020 for the limited purposes detailed in Plaintiff's Motion. (Doc. 84).

of three new Defendants would cause further delay in resolving this case. Plaintiff has not provided a persuasive reason justifying the delay. Moreover, it is noted that Plaintiff contends that the statute of limitations has not expired as to his state law claims against Defendants Hedgpeth, Watt, and Lipska. (Doc. 85 at 12). If Plaintiff is correct, then denial of Plaintiff's Motion (Doc. 85) would not prejudice Plaintiff's ability to sue Defendants Hedgpeth, Watt, and Lipska in a new suit. Plaintiff has failed to establish excusable neglect. Because Plaintiff was not diligent in attempting to discover the identities of the Doe Defendants, Plaintiff has also failed to establish good cause to modify the deadline for amending his pleading. *See Zivkovic v. S. Cal. Edison,* 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted) ("If the party seeking the modification 'was not diligent, the inquiry should end' . . . ."). The Court will deny Plaintiff's Motion (Doc. 85) as to Defendants Hedgpeth, Watt, and Lipska.

**C. Plaintiff's Motion (Doc. 85) will be Denied as to Defendant Greenbaum**

On August 3, 2017, service was returned unexecuted as to Defendant Greenbaum. On November 27, 2017, the Court required Plaintiff to show good cause why Defendant Greenbaum should not be dismissed without prejudice for failure to timely effect service. (Doc. 21). Plaintiff responded to the Order to Show Cause, and on January 11, 2018, the Court directed the Clerk of Court to complete another service packet for Defendant Greenbaum using a new address that Plaintiff had provided. (Doc. 25). Defendant Greenbaum was eventually served in June 2019. (Doc. 68).

On July 19, 2019, Defendant Greenbaum filed a Motion to Dismiss (Doc. 74) that is now fully briefed (Docs. 80, 81) and pending before the District Judge. The Motion to Dismiss alleges that this matter should be dismissed as to Defendant Greenbaum for failure to timely effect service. The Court finds that Plaintiff's Motion (Doc. 85) is premature as to Defendant Greenbaum. If the Court denies Defendant Greenbaum's Motion to Dismiss, then Plaintiff may seek leave to amend his claims against Defendant Greenbaum within fourteen days of receiving the Court's Order denying Defendant Greenbaum's Motion to Dismiss.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion (1) to Amend Scheduling Order and (2) for Leave to File Amended Pleading and Join New Defendants" (Doc. 85) as set forth herein.

**IT IS FURTHER ORDERED** that if the Court denies Defendant Greenbaum's Motion to Dismiss, then Plaintiff may seek leave to amend his claims against Defendant Greenbaum within fourteen days of receiving the Court's Order denying Defendant Greenbaum's Motion to Dismiss.

Dated this 5th day of December, 2019.

*/s/ Eileen S. Willett*
Honorable Eileen S. Willett
United States Magistrate Judge